U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

JUL 30 2003

ROBERT H. SHEMWELL, CLERK
BY _____
            DEPUTY

UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF LOUISIANA
Shreveport Division

HORACE DEAVILLE, ON
BEHALF OF HIMSELF AND THE
CLASS DESCRIBED HEREIN,

Plaintiff,

Versus

CAPITAL ONE BANK A/K/A CAPITAL
ONE SERVICES, INC. A/K/A
CAPITAL ONE FINANCIAL CORPORATION
A/K/A CAPITAL ONE, F.S.B.,

Defendant.

CV03-1429 S

Civil Action No.

JUDGE WALTER
MAGISTRATE JUDGE PAYNE

**JURY DEMANDED**,

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, comes HORACE DEAVILLE, Plaintiff in the above entitled and captioned matter, individually and on behalf of all similarly situated persons, who respectfully prays for Judgment of this Honorable Court against defendant, as set forth in the following complaint, as follows:

1.

Plaintiff, HORACE DEAVILLE, is a major domiciliary of Louisiana.

2.

Made Defendant herein is CAPITAL ONE BANK A/K./A CAPITAL ONE SERVICES, INC. A/K/A CAPITAL ONE FINANCIAL CORPORATION A/K/A CAPITAL ONE, F.S.B., which may also hereinafter be referred to as "CapOne," a foreign corporation authorized to do and doing business in the State of Louisiana. Defendant solicits credit card accounts, transacts credit transactions, and otherwise does business in this State. Defendant's principal place of business is located in the State of Virginia.



3.

Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal laws. 28 U.S.C. 1331.  Further, the matter in controversy exceeds $75,000.00, exclusive of costs and interest and the parties to these proceedings are citizens of different states. 28 U.S.C. 1332.  Defendant is likewise liable pursuant to the laws of the states of Louisiana and Virginia.  Venue is proper in this District as the Defendant resides in this judicial district. 28 U.S.C. 1391.

4.

Plaintiff requests a trial by jury.

5.

Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual, statutory and compensatory damages, punitive or exemplary damages may be awarded against the Defendant.

6.

Plaintiff respectfully requests that this Honorable Court award plaintiff his litigation expenses and other costs of litigation and reasonable attorneys' fees incurred in this litigation.

7.

Plaintiff is likewise entitled to statutory damages.

8.

Some years ago plaintiff had a credit card account with CapOne, which was charged off and which CapOne elected not to pursue to judgment and the credit card account debt prescribed by Louisiana law of liberative prescription.  That debt became legally unenforceable.

9.

Thereafter, on or about December 17, 2001, Plaintiff received an offer for a pre-approved Visa credit card from CapOne.

10.

That credit card account offer did not contain any reaffirmation agreement or other language suggesting that Plaintiff was reaffirming or reviving a prescribed and previously charged off indebtedness to CapOne, as discussed above.

11.

Plaintiff read the language of the credit card offer and believed that CapOne had decided to offer plaintiff a new credit opportunity and credit card account for his use.

12.

Plaintiff signed an acceptance of the new credit account and sent the document to CapOne. CapOne created a new credit card account for plaintiff.

13.

The new credit card account allowed plaintiff to make balance transfers from other existing credit cards/debts to the CapOne account and take advantage of a low interest rate and other terms.

14.

Plaintiff opted to do so and requested that two small credit card balances from credit cards he held with other banks be transferred to the new CapOne credit account.

15.

On or after December 17, 2001, Plaintiff executed the optional balance transfer permitting him to transfer balances from two other Visa credit card accounts, MBNA America

Bank, N.A., and Citibank [South Dakota], N.A./Ford [co-branded], accounts, which each had small balances.

16.

The optional balance transfer agreement permitted those small balances to be rolled into the pre-approved credit card which Plaintiff received approval for in December, 2001.

17.

Thereafter plaintiff received a billing containing an erroneous balance and made an inquiry about the balance.

18.

Unable to obtain a response to the inquiry, plaintiff asked his attorney, Kenneth Pitre, to make an inquiry and determine why the billing statements contained the wrong sum and charge.

19.

Plaintiff's counsel contacted CapOne and conveyed plaintiff's dispute and concerns and requested information about the error.

20.

On or about August 6, 2002, CapOne wrote Ken Pitre, attorney for Plaintiff, and acknowledged plaintiff's dispute, concerns and request for information.

21.

On or about September 24, 2002, Ken Pitre, attorney for Plaintiff, wrote CapOne.

22.

On or about November 29, 2002, CapOne wrote Ken Pitre, counsel for Plaintiff, and suggested that in December, 2001, CapOne had allegedly sent an application to Plaintiff providing him "the opportunity to reaffirm the charged-off debt and to begin making payments."

23.

In the same communication, CapOne also alleged that Plaintiff reaffirmed the previously prescribed credit card debt and accepted responsibility of payment.

24.

CapOne contended that plaintiff had revived the prescribed credit card account debt.

25.

On or about December 12, 2002, Ken Pitre, counsel for Plaintiff, wrote CapOne and advised CapOne that the documents, which CapOne claimed that Plaintiff signed though Plaintiff denies [denied] it, failed to contain any reaffirmation language and that CapOne's continued collection efforts were improper.

26.

On or about June 10, 2003, CapOne wrote counsel for Plaintiff, Ken Pitre, and suggested that CapOne had forwarded a copy of an alleged application signed by plaintiff.

27.

CapOne claimed that is enclosed a copy of the complete offer that was sent to Plaintiff.

28.

In fact, Plaintiff never received nor signed the offer which CapOne claimed was signed by him.

29.

On June 10, 2003, CapOne claimed that Plaintiff had earlier signed an offer to transfer the balance of a previously charged off credit account balance into a new CapOne Visa account.

30.

CapOne also claimed that the balance transfer request created a second CapOne Visa

account.

31.

CapOne also claimed that Plaintiff signed a reaffirmation agreement with regard to the prescribed CapOne account.

32.

Defendant routinely used a new credit account offer to lure former CapOne customers into applying for new credit with CapOne while CapOne intended to claim that each such customer had revived prescribed debt when, in fact, no such act of revival took place.

33.

Defendant fraudulently and deceptively induced former CapOne customers to accept offers of new credit with the purpose of transferring prescribed CapOne debt onto the new accounts without any reaffirmation or revival of the debts which were no longer legally enforceable.

34.

Defendant sent out a large number of such fraudulent and deceptive new credit account offers to consumers, like plaintiff, all over the United States.

35.

As such duped consumers responded to accept the new credit account with CapOne, CapOne fraudulently placed prescribed debt balances onto the new credit accounts and invoiced those consumers for said prescribed debt.

36.

Defendant likewise reported inaccurate and false credit information about plaintiff and the large pool of consumers similarly situated.

37.

Defendant has engaged in a pattern of deception and fraud designed to collect prescribed debts. Such acts amount to mail fraud.

38.

Defendant has used the credit reporting systems to further damage and effect its scheme to force plaintiff and others similarly situated to pay prescribed and legally unenforceable debts. Defendant willfully and maliciously reported false information about plaintiff and others similarly situated to the credit reporting agencies who, in turn, re-reported such information to countless third party subscribers-users resulting in substantial damages.

39.

Defendant has further violated the federal and state debt collection laws and trade practices laws by attempting to collect debts through fraud and deception and attempting to collect debt which are time-barred through fraud and deception.

40.

In addition to actual and statutory damages afforded, plaintiff seeks damages for out-of-pocket expenses, embarrassment, frustration, inconvenience, punitive damages, attorneys' fees, litigation expenses and court costs, as well as all other damages reasonable and proven.

41.

Plaintiff further asserts that this Honorable Court should certify this action as a class action as provided by the Federal Rules of Civil Procedure, Rule 23, on behalf of all persons herein described belonging to the class or any subclass therein.

42.

Plaintiff brings this action on behalf of himself and all members of the class composed of

persons who have received a new credit account offer from CapOne, accepted the offer and had CapOne, absent reaffirmation or revival of a previously prescribed debt, charge the prescribed debt to the new credit account.

43.

Plaintiff avers that the class is so numerous, that joinder of all members is impractical. Plaintiff further avers that there are questions of law or fact common to the class relating to the conduct of the defendant regarding said claims. Plaintiff further avers that his claims as representative of the class, are typical of the class. Plaintiff further avers that, in a representative capacity, he will fairly and adequately protect the interests of the class and its members.

44.

Defendant has the names and addresses of class members and that information is presently unknown to plaintiff but can readily and easily be ascertained from defendant's business records.

45.

The common or similar issues of law and fact predominate over individual issues and include, but are not limited to the following:

[a]   Each member has been subjected to the unlawful and actionable conduct by the defendant;

[b]   Proof of common facts and legal doctrines by the representative plaintiff will determine the claims of each member of plaintiff's class; and

[c]   The class action proceeding will provide a practical basis for the determination of all interests of the parties, prevent inconsistent adjudications, maximize judicial economy and is superior to all other available methods of fair and efficient adjudications of the

controversy.

46.

The named representative's claims are typical and representative of the class.

47.

It is and was the practice of the defendant to use the fraudulent and deceptive new credit account offer scheme to lure unsuspecting consumers into accepting a new credit account with CapOne, only to find that CapOne had illegally and improperly placed prescribed/time-barred debt on the account balance and CapOne intended to collect the prescribed/time-barred debt from the consumers.

48.

Plaintiff and plaintiff's class bring this action in this Honorable Court pursuant to Rule 57 of the Federal Rules of Civil Procedure and that an actual controversy exists between the parties concerning their rights.

49.

Plaintiff and others similarly situated have incurred and continue to incur substantial damages. Injunctive relief is proper as defendant's conduct has caused and will continue to cause irreparable injury and damages.

**WHEREFORE PLAINTIFF, HORACE DEAVILLE, PRAYS** that after all due proceedings be had there be judgment herein in favor of Plaintiff and against Defendant, CAPITAL ONE BANK A/K./A CAPITAL ONE SERVICES, INC. A/K/A CAPITAL ONE FINANCIAL CORPORATION A/K/A CAPITAL ONE, F.S.B., for all reasonable damages sustained by Plaintiff including but not limited to statutory damages, compensatory damages, and punitive damages, attorneys' fees, costs incurred, and court costs, and other assessments proper by law and any and all other applicable laws, together with legal interest thereon from date of judicial demand until paid. Further Pray for injunctive relief. Further Prays for all such additional, general and equitable relief as may be proper or necessary in these premises.

**WHEREFORE PLAINTIFF, HORACE DEAVILLE, PRAYS** that there be judgment herein certifying this action as a class action, and prays for awards in favor of all class members and any subclasses described herein and against defendant, CAPITAL ONE BANK A/K./A CAPITAL ONE SERVICES, INC. A/K/A CAPITAL ONE FINANCIAL CORPORATION A/K/A CAPITAL ONE, F.S.B., for all statutory damages, compensatory damages, and punitive damages, attorneys' fees, costs incurred, and court costs, and other assessments proper by law and any and all other applicable laws, together with legal interest thereon from date of judicial demand until paid. Further Pray for injunctive relief. Further Prays for all such additional, general and equitable relief as may be proper or necessary in these premises.

**WHEREFORE PLAINTIFF, HORACE DEAVILLE, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, PRAYS** that there be judgment herein as follows:

[a]  That the court determine that this action may proceed as a class action, that plaintiff be appointed as class representative, that David A. Szwak be appointed as the attorneys for the plaintiff's class;

[b]  That this court award plaintiff and the class members damages as requested herein above;

[c]  That the costs of prosecution and reasonable attorneys' fees be awarded to the attorneys for the plaintiffs and the plaintiff's class;

[d]  That this court issue a temporary permanent injunction restraining the defendant, their agents or employees from the practices alleged until further order of this court;

[e]  That any other such actions brought on behalf of the class are enjoined;

[f]  That this court determine the rights of the parties and direct the defendant to cease illegal activity;

[g]  That this court enjoin defendant from destroying, concealing or altering books and records concerning or in any way relating to the practices and claims stated above; and

[h]  For such other, further and different relief as this court deems just and equitable. The defendant be required to pay punitive damages in an amount to be determined, in addition to attorneys' fees, actual damages and statutory damages.

Respectfully submitted,

**Bodenheimer, Jones, Szwak & Winchell, LLP**

By: _____
**David A. Szwak, La.BR #21157**
401 Market Street, Ste. 240
American Tower
Shreveport, Louisiana 71101
(318) 424-1400
FAX 424-1476
**Counsel for Plaintiff**