U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

MAY 24 2004

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HORACE DEAVILLE, ON BEHALF OF
HIMSELF AND THE CLASS DESCRIBED
HEREIN

VERSUS                     CIVIL ACTION NO. CV03-1429-S
                               JUDGE HICKS

CAPITAL ONE BANK, ET AL

**PLAINTIFF'S RESPONSE AND OPPOSITION TO MOTION TO DISMISS
THE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT
FOR INSUFFICIENT SERVICE OF PROCESS FILED BY DEFENDANTS**

MAY IT PLEASE THE COURT:

Plaintiff respectfully opposes defendants', Capital One Services, Inc.'s, Capital One Financial Corp.'s, and Capital One, FSB's, as set forth in their motion to dismiss the First Amended and Supplemental Complaint for insufficient service of process, as follows:

## Background

Plaintiff filed the original complaint on July 30, 2003. The defendants, as named, were served with waiver and appeared. Beverley Crump,[1] the registered agent for all Capital One entities, received the service and Danielle Webster, Capital One's Assistant General Counsel, signed and returned the waiver. Crump is the agent for service for all of the Capital One entities, which are licensed and registered in the State of Virginia and not in Louisiana. The defendants appeared and filed a motion to dismiss or alternatively for summary judgment. Plaintiff amended his

---

[1] Beverley L. Crump, Member, McSweeney & Crump, A Professional Corporation, 11 South Twelfth Street, P.O. Box 1463 Richmond, Virginia 23218 (Ind. City; Seat of Henrico Co.) Telephone: 804-783-6800, Telecopier: 804-782-2130.

complaint on March 23, 2004, and served a copy on defense counsel.

In the amended complaint, plaintiff weeded through and segregated the Capital One entities. Capital One's corporate structure is confusing at best and the amended complaint clarified the claims and sorted out the misnomer issue. Between April 16 and 19, 2004, the Capital One defendants filed several motions to defend the first amended and supplemental complaint. Shortly thereafter, counsel discussed the personal jurisdiction motion of Capital One Financial Corp., with defense counsel and learned that Capital One Financial Corp. was not the proper target defendant and, for reasons stated in the motion to dismiss that single named defendant, plaintiff dismissed that defendant.

Due to the press of other matters, plaintiff's counsel sought and received an extension of time to address the other defendants.[2] The other defendants, Capital One Services, Inc., and Capital One, FSB, filed a motion to dismiss, along with the dismissed Capital One Financial Corp., claiming insufficient service of process. Plaintiff's counsel had misunderstood, before receipt of the motion, and thought defense counsel agreed to accept service of the amendment. Regardless, well within the 90 days afforded for service of process under the Local Rules and within the 120 days delay under Rule 4[m], these other defendants, Capital One Services, Inc., and Capital One, FSB, have been served with Summons and both complaints. Capital One Services, Inc., was served on May

---

[2] Order signed April 30, 2004, and filed May 3, 2004.

20, 2004, by personal service of Beverley Crump, the agent for service for that entity. Crump initially refused to accept service of process for Capital One, FSB, claiming that he had never done so before. Plaintiff's counsel contacted another attorney for other defendants, Capital One, FSB, as listed in PACER records and inquired about the agent for service and why Crump is listed as same but refused service. That attorney advised that Crump is the agent for service and that he would contact Crump to insure that he would accept the service without further delay. other defendants, Capital One, FSB, was personally served with Summons and both complaints on May 24, 2004. Capital One Bank, the fourth defendant, has not contested service of process though Capital One Bank was also served by waiver in the beginning through Crump.

Plaintiff shows that all of the defendants are now properly and timely served.

### Conclusion

The defendants' motion should be denied and, as to Capital One Financial Corp., denied as moot.

Respectfully submitted:

**BODENHEIMER, JONES, SZWAK & WINCHELL, LLP**

By: _____
**DAVID A. SZWAK, LBR#21157, TA**
401 Market St., Ste. 240
American Tower
Shreveport, Louisiana 71101
[318] 424-1400
FAX   424-1476
**ATTORNEYS FOR PLAINTIFF, HORACE JOSEPH DEAVILLE, JR.**

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by placing a copy of same in the United States Mail, properly addressed and first class postage pre-paid on this the  24  day of  May , 2004.

_____
OF COUNSEL

RECEIVED
MAY 24 2004
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HORACE DEAVILLE, ON BEHALF OF
HIMSELF AND THE CLASS DESCRIBED
HEREIN

VERSUS

CIVIL ACTION NO. CV03-1429-S
JUDGE HICKS

CAPITAL ONE BANK, ET AL

## O R D E R

CONSIDERING THE FOREGOING MOTION, OPPOSITION AND SUBMISSIONS:

IT IS HEREBY ORDERED THAT Capital One Services, Inc.'s and Capital One, FSB's motion to dismiss for insufficient service of process is hereby DENIED. FURTHER ORDERED THAT Capital One Financial Corp.'s motion to dismiss for insufficient service of process is DENIED AS MOOT.

Shreveport, Louisiana, this the ____ day of _____, 2004.

_____
**J U D G E**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HORACE DEAVILLE, ON BEHALF OF
HIMSELF AND THE CLASS DESCRIBED
HEREIN

VERSUS                                CIVIL ACTION NO.   CV03-1429-S
                                      JUDGE HICKS

CAPITAL ONE BANK, ET AL

## AFFIDAVIT

STATE OF LOUISIANA
PARISH OF CADDO

   BEFORE ME, the undersigned Notary Public, personally came and appeared **DAVID A. SZWAK**, a major domiciliary of Bossier City, Bossier Parish, Louisiana, who after being duly sworn did depose and state, upon personal knowledge, as follows:

   That he is the attorney of record for the plaintiff and that he has personal knowledge of the facts stated herein.  That Capital One Services, Inc., and Capital One, FSB, have registered Beverley Crump as their registered agent for service with the State of Virginia. That Capital One Services, Inc., and Capital One, FSB, have not registered an agent with the State of Louisiana and, in fact, are not licensed to do but are doing business in this State.  That he contacted the law offices of Beverley Crump, after Crump refused service of process for Capital One, FSB, and learned that Crump is the registered agent for service of process for all of the web of interconnected Capital One entities, all based in Richmond, Virginia.  That **Capital One, FSB**, was served, personally through Crump, with service of Summons and Complaint on **May 24, 2004**, by private process server, whose service return will be filed shortly.  That **Capital One Services, Inc.**, was served with Summons and Complaint on **May 20, 2004**, by personal service on Beverley Crump, the registered agent for service for that entity as well.  That the private process server's service return for Capital One Services, Inc., will also be filed shortly.

   That plaintiff filed the original complaint on July 30, 2003.  The defendants, as named, were served with waiver and appeared.  That Beverley Crump, an attorney in Richmond and the registered agent for all Capital

_____
DAVID A. SZWAK

Page -1-

One entities, received the service and Danielle Webster, Capital One's Assistant General Counsel, signed and returned the waiver. That the defendants appeared and filed a motion to dismiss or alternatively for summary judgment. That Plaintiff amended his complaint on March 23, 2004, and served a copy on defense counsel. That in the amended complaint, plaintiff weeded through and segregated the Capital One entities. Capital One's corporate structure is confusing at best and the amended complaint clarified the claims and sorted out the misnomer issue. That between April 16 and 19, 2004, the Capital One defendants filed several motions to defend the first amended and supplemental complaint. That shortly thereafter, he discussed the personal jurisdiction motion of Capital One Financial Corp., with defense counsel and learned that Capital One Financial Corp. was not the proper target defendant and, for reasons stated in the motion to dismiss that single named defendant, plaintiff dismissed that defendant.

That the other defendants, Capital One Services, Inc., and Capital One, FSB, filed a motion to dismiss, along with the dismissed Capital One Financial Corp., claiming insufficient service of process. That he had misunderstood, before receipt of the motion, and thought defense counsel agreed to accept service of the amendment. That, well within the 90 days afforded for service of process under the Local Rules and within the 120 days delay under Rule 4[m], these other defendants, Capital One Services, Inc., and Capital One, FSB, have been served with Summons and both complaints. That Crump initially refused to accept service of process for Capital One, FSB, claiming that he had never done so before. That he contacted another attorney for other defendant, Capital One, FSB, as listed in PACER records and inquired about the agent for service and why Crump is listed as same but refused service. That Capital One, FSB's litigation attorney advised that Crump is the agent for service and that he would contact Crump to insure that he would accept the service without further delay.

_____
DAVID A. SZWAK

SWORN TO AND SUBSCRIBED BEFORE ME this the 24th day of May, 2004.

_____
NOTARY PUBLIC
State of Louisiana

Page -2-