```
                                              U.S. DISTRICT COURT
     IN THE UNITED STATES DISTRICT COURT   WESTERN DISTRICT OF LOUISIANA
            WESTERN DISTRICT OF LOUISIANA           FILED
                 SHREVEPORT DIVISION
                                                 MAY 25 2004
HORACE DEAVILLE, ON BEHALF OF
HIMSELF AND THE CLASS DESCRIBED            ROBERT H. SHEMWELL, CLERK
HEREIN                                     BY_____
                                                          DEPUTY
VERSUS                              CIVIL ACTION NO. CV03-1429-S
                                    JUDGE HICKS
CAPITAL ONE BANK, ET AL
```

### PLAINTIFF'S RESPONSE AND OPPOSITION TO MOTION TO STRIKE ALLEGATIONS FROM AND TO DISMISS THE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT FILED BY DEFENDANTS

MAY IT PLEASE THE COURT:

Plaintiff respectfully opposes defendants', Capital One Bank's, Capital One Services, Inc.'s, Capital One Financial Corp.'s, and Capital One, FSB's, contentions as set forth in their motion to strike allegations from the First Amended and Supplemental Complaint or, in the alternative, for summary judgment, as follows:

### Background

Plaintiff filed the original complaint on July 30, 2003. Plaintiff amended his complaint on March 23, 2004, and served a copy on defense counsel. Defendants filed and served several motions in an effort to defeat the first amended and supplemental complaint. Plaintiff has already filed a response and opposition to the motion to dismiss alleging insufficient service of process. Capital One Financial Corp. was dismissed from this lawsuit for reasons addressed in that motion.

Plaintiff previously filed a detailed opposition brief on or about January 29, 2004, and plaintiff will try not to rehash the

arguments made therein but plaintiff does respectfully adopt, as if copied herein, those arguments, evidence and citations to law. Plaintiff shows that defendants have recast in part their contentions raised in their first motion to dismiss.

### Defendant Continues to Make Reference to its Cristo Sample As If That is the Document Plaintiff Received

Beginning on page 4, defendants begin citing reference to Exhibit A, which defendants contend is the contract with plaintiff. Plaintiff does not agree with defendants' contention. There is more than one genuine issue of material fact regarding the solicitation sent to plaintiff. Defendants merely gloss over the fact that the contract copy they want to believe was used was not used at all and is inapplicable. Plaintiff has submitted plaintiff's sworn affidavit as evidence to contradict defendants' continued claims.

Defendants again suggest that Virginia law applies. There is no agreement between plaintiff and the defendants to use or adopt Virginia law. There is no agreement as to application of Virginia law.

### Suit Captioning[1]

Defendants next cite a District Court opinion from New York, in **Beck v. Roper Whitney, Inc.**,[2] where the court noted that an

---

[1] Addressing defendants' arguments labeled "1" on pages 5-6, movants' brief.

[2] The **Beck** case has not been followed by a single court. In fact, the **Beck** court cited no authority for its unusual statement in footnote 4 of the opinion.

added defendant had not been included in the suit captioning by separate amendment and had no notice of the lawsuit. The **Beck** case is vastly different from this case where: [1] the Fifth Circuit and Louisiana federal courts held that failure to amend a caption in the lawsuit does not affect jurisdiction nor claims made;[3] [2] the various Capital One defendants have received service of process of the lawsuit; [3] all of the Capital One defendants share the same agent for service of process, Beverley Crump, an attorney in Richmond, Virginia.

Further, another Louisiana court in **Jones v. M/V Boomtown Belle Casino**, 1998 WestLaw 158746 [U.S.D.C. E.D. La. 1998] stated: "**This jurisdiction has long recognized that a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant**. See, Accord **Tyrolf v. Veterans Administration**, 82 F.R.D. 372, 374-375 [E.D.La.1979]; see also, **Rice v. Hamilton Air Force Base Commissary**, 720 F.2d

---

[3] "The Court also rejects the United States' attempt to distinguish the holdings in Blanchard and Hoffman on their factual settings, and is of the opinion that the better reading of **Rule 10[a]** is the one expressed by Professors Wright and Moore. Finally, the Court reads plaintiff's statement requesting leave to amend the complaint to add the United States as a defendant as a request to amend the Caption Of the complaint in order to comply with the literal, technical requirements of Rule 10[a]. **The mere failure to comply with such a technical rule of pleading is not, in this Court's opinion, fatal since the broad principles underlying notice pleading under the Federal Rules**, See **Conley v. Gibson**, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 [1957]; **Hines v. Wainwright**, 539 F.2d 433 [5th Cir. 1976]; **Hollander v. Davis**, 120 F.2d 131 [5th Cir. 1941], and the actual notice received by the United States, Cf. 6 C. Wright & A. Miller, Federal Practice and Procedure s 1502 [1971], compel a finding in favor of plaintiff [emphasis added]." **Tyrolf v. Veterans Administration**, 82 F.R.D. 372 [U.S.D.C. E.D. La. 1979].

1082, 1085 [9th Cir.1983]. [emphasis added]."

## There is Nothing Newly Minted About Plaintiff's Amended and Supplemental Complaint[4]

From pages 7 through 10 of movants' brief in support, defendants launch into an attack claiming that somehow plaintiff has changed up the facts in the case. In fact, it is the defendants who have complicated this matter through a tangled web of identities. The original complaint plainly shows that the defendants were listed as aliases of each other since they work closely in unison with each other. Capital One Bank was not the "sole" defendant and the suit captioning and allegations bear proof of what was alleged. Use of the abbreviation of "CapOne" in lieu of using the string of aliases throughout the complaint is in compliance with Rule 8[e] directing counsel to be simple, concise and direct. Use of the abbreviated name does so.

A review of defendants' arguments on pages 7 through 10 suggests that defendants did not carefully consider what plaintiff did allege and defendants again seek to recast the complaint and the amended and supplemental complaint under a different light most favorable to them. To the contrary, while plaintiff's counsel explained a couple of changes in the facts plead and the reasons for those changes, the bulk of changes or additions resulted from segregating the several Capital One entities named as aliases in

---

[4] Addressing defendants' arguments labeled "II[A][1][b]" on pages 7-10, movants' brief.

the original complaint and filing.[5] Plaintiff's facts are well plead and not inconsistent.

### Defendants Acted as Debt Collectors[6]

Plaintiff has previously addressed the legal points opposing this set of contentions by defendants in pages 19 through 27 of his original brief, filed January 29, 2004. The facts are well plead in the amended complaint regarding the conduct of the various defendants in the overall scheme. Defendants really make no new arguments but simply recast the arguments already made in the original motion filing.

### Statute of Limitations Contentions by Defendants[7]

Plaintiff has previously addressed the legal points opposing this set of contentions by defendants in pages 13 through 19 and pages 25 through 27 of his original brief, filed January 29, 2004. There is no need to add to what is said except to assert that based on the misnomer issue,[8] plaintiff's allegations relate back to the initial complaint filing in this cause. Fed.R.Civ.Proc. 15.

---

[5] Misnomer matters are subject to relation back under Rule 15. **Montalvo v. Tower Life Building**, 426 F.2d 1135, 1146-47 [5th Cir.1970]; **Roberts v. Michaels**, 219 F.3d 775 [8th Cir. 2000] [Ark.]; **Wilson v. Navistar Intern. Transp. Corp.**, 193 F.3d 1212 [11th Cir. 1999] [Ala.]; **Rennie v. Omniflight Helicopters, Inc.**, 165 F.3d 19, 1998 WestLaw 743678 [4th Cir. 1998] [W.Va.].

[6] Addressing defendants' arguments labeled "II[A][1][a]" on pages 6-7, movants' brief and labeled "II[A][1][a]" on pages 11-12, movants' brief.

[7] Addressing defendants' arguments labeled "II[A][2]" on page 12, movants' brief and labeled "II[B]" on pages 12-14, movants' brief.

[8] All of the defendants received notice with the service of the original complaint.

## **Virginia Law Is Not Choice of Law for TILA**[9]

Plaintiff has previously addressed the legal points opposing this set of contentions by defendants in pages 27 through 32 of his original brief. There is no need to add to what is said except to remind this Honorable Court that plaintiff has never consented to Virginia law, as discussed herein and the original brief and evidence attachments filed back on January 29, 2004.

## **Choice of Law Revisited**[10]

Plaintiff covered this issue in his original brief filed on January 29, 2004. Pages 30-32. Again, the defendants continue to completely ignore and pretend the issue does not exist regarding the solicitation document received by plaintiff. Plaintiff did not agree to Virginia law and defendants continue to argue that the Cristo Sample form is the solicitation to be considered.

Now, of great importance, is the fact that La. R.S. 51:1418[C] provides: "The following terms of a writing executed by a consumer are invalid with respect to consumer transactions or modifications thereof: [1] that the law of another state will apply;..." Part A of the statute defines "consumer transaction" and it plainly covers credit card agreements and transactions. A counterpart to LUPTA's section 1418 is found in La. R.S. 9:3511[a] which likewise prevents the use and enforcement of choice of law clauses in

---

[9]   Addressing defendants' arguments labeled "II[C][1]" on pages 15-16, movants' brief.

[10]  Addressing defendants' arguments labeled "II[C][2]" on pages 16-18, movants' brief

consumer credit contracts.

The court in **Phillips v. Patterson Ins. Co.**, 813 So.2d 1191 [La. App. 3 Cir. 2002], explained LUPTA, in saying: "The law is set out in LSA R.S. 51:1401-1418 and provides at Sec. 51:1405[A] that, "unfair methods of competition or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." However, the definition of unfair or deceptive acts has been left to the courts, which have adopted the statement in **Moore v. Goodyear Tire and Rubber Co.**, 364 So.2d 630 [La. App. 2 Cir.1978], to the effect that a practice is unfair when it offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. R.S. 51:1409 provides for private action by a person suffering loss of money or movable property because of another's use of an unfair or deceptive practice."

Thus, even though plaintiff never agreed to Virginia law, such a clause is against public policy and Louisiana law and could not be enforced. It further constitutes a deceptive trade practice under section 1418[c] of Title 51. Use of Virginia law, especially in light of the lack of an agreement to use Virginia law, shows that Virginia law in allowing such adhesion clauses would violate express Louisiana public policy.

## The Accuracy Issue Noted By Defendant[11]

The interesting remark in footnote 11 by defendants in their opposition brief raises the question of whether that argument undercuts their preemption assertion. In essence, if defendants seriously argue that their reportings were "accurate" then the FCRA provisions have no application and defendants likewise have no possible argument as to preemption or qualified immunity. The issue of "accuracy" and the inaccurate nature of the reportings is that the reportings suggest that balances exist which are collectible. The reporting of old, prescribed debts which are not enforceable would be irrelevant and inconsistent with the FCRA goals of accuracy. Whether a moral obligation exists or not, the reporting of obsolete, prescribed debt is solely made for the purpose of debt collection since it is otherwise totally irrelevant. Relevancy is a key component of the FCRA as noted in the Congressional Findings and Statement of Purpose of the FCRA, section 1681.

## 15 U.S.C. 1681s-2[a][12]

Defendants continue to argue that plaintiff cannot assert a private right of action under section 1681s-2[a].[13] Under the case law, that is correct and plaintiff did not try to assert a federal

---

[11]   Addressing defendants' arguments labeled footnote 11 on page 18, movants' brief.

[12]   Addressing defendants' arguments labeled "III[A]" on pages 18-19, movants' brief.

[13]   **Zotta v. NationsCredit Financial Services Corp.**, 297 F.Supp.2d 1196 [U.S.D.C. E.D. Mo. 2003].

claim under that provision. Plaintiff previously addressed defendants' arguments on this contention on page 32 through 33, January 29, 2004 original brief. Paragraphs 68 and 71 of the first amended and supplemental complaint, like paragraphs 36 and 38 of the original complaint, state non-FCRA claims for: [1] reporting inaccurate information about plaintiff and others similarly situated, pars. 36 and 68 respectively; and [2] using credit reportings to effect the broader scheme, bypassing data retention requirements of section 15 U.S.C. 1681c,[14] and reporting false information, pars. 38 and 71, respectively.

While section 1681s-2[a] provides for agency oversight of and actions to enforce front end reporting issues, it is by no means a preemption provision. It neither provides that the consumer gives up state law claims nor does it infer or imply preemption. It is clear that a consumer cannot assert a federal claim under section 1681s-2[a] but the lack of complete regulation of front end reporting issues shows a lack of intent to preempt the area.

### 15 U.S.C. 1681t[b][1][F][15]

Though addressed in plaintiff's original brief of January 29, 2004, at pp.36 through 40, defendant continues to reargue section 1681t[b][1][F]. There are four lines of cases, spanning from a

---

[14] Games are routinely played to avoid the time-bar on debts and to perpetuate the credit reportings beyond lawful retention periods under section 1681c of the FCRA. See, for ex., **Thomas v. NCO Financial Systems, Inc.**, 2002 WestLaw 1773035 [U.S.D.C. E.D. Pa. 2002]; **United States v. NCO Financial, et al**, www.ftc.gov/os/caselist/9923012/ 040513ncocmp9923012.pdf.

[15] Addressing defendants' arguments labeled "III[B]" on pages 19-21, movants' brief.

proper, liberal interpretation of the FCRA to a most-conservative, strained interpretation favoring industry. This Honorable Court in **Whitesides** adopted the proper, pro-consumer view that section 1681h[e] is not a qualified immunity for communications in the conduit stream from a furnisher to the credit reporting agency then on to a second lender/prospective lender. Only communications directly with the consumer could fall under 1681h[e] to the extent these are credit report related. Section 1681t[b][1][F] only applies to state mini-credit reporting acts. See, for ex., footnote 63, plaintiff's original brief.

The second line of cases is found in **Carlson**, **Gordon**, and **Jeffrery**, cited in footnote 79, plaintiff's original brief.[16] The courts found that 1681t[b][1][F] only preempts state mini-credit reporting laws and section 1681h[e] applies only to tort claims and provides qualified immunity. Thus, the second line of cases breaks with **Whitesides**, et al, regarding section 1681h[e].

Still yet, a third line of cases developed trying to find some fall-back position for industry amidst the confusion.[17] The **Mendoza** decision followed a theory that 1681t[b][1][F] has a "temporal effect" and that the only possible "immunity" prior to notice to the furnisher per 1681s-2 is that qualified immunity the court held

---

[16] **Jeffery v. Trans Union, LLC**, 273 F.Supp.2d 725 [U.S.D.C. E.D. Va. 2003]; **Carlson v. Trans Union, LLC**, 259 F.Supp.2d 517 [U.S.D.C. N.D. Tex. 2003].

[17] "This schism has led to some confusion in the courts." **Mendoza v. Experian**, 2003 U.S.Dist.Lexis 7121, at *12 [U.S.D.C. S.D. Tex. 2003].

to exist under 1681h[e].[18]

Under the temporal effect approach, once notice is provided per 1681s-2 to the furnisher, the **Mendoza** court noted that the furnisher would have "absolute immunity" from state law claims which were brought concerning matters governed by 1681s-2.

Plaintiff asserts that the industry has taken the extreme approach with a fall back position of temporal effect. The only plausible reading of 1681h[e] and 1681t[b][1][F], when construed liberally and in favor of the consumer [which Congress chose to protect with the Act] is to find that 1681t is not intended and was never intended to preempt anything other than mini-credit reporting acts enacted by states over time which had created a hodge-podge,

---

[18] The "temporal effect" is inconsistent with the language in the statute and fails to consider the manner in which the FCRA is to be interpreted. The Fair Credit Reporting Act was enacted to protect consumers/plaintiffs from the consumer reporting agencies/furnishers/users, not vice-versa. The FCRA is supposed to receive a liberal construction in favor of consumers, not in favor of the credit and credit reporting industries. **Guimond v. Trans Union Credit Info. Co.**, 45 F.3d 1329 [9th Cir. 1995] [Cal.]; **Klapper v. Shapiro**, 586 N.Y. S.2d 846 [N.Y. Sup. 1992]; **Kates v. Croker Nat. Bank**, 776 F.2d 1396, 1397 [9th Cir. 1995]; **Jones v. Federated Fin. Res. Corp.**, 144 F.3d 961 [6th Cir. 1998] [Mich.]. Further, the appellate circuits, following the United States Supreme Court in **U.S. v. Menasche**, 348 U.S. 528, 538-39 [1955], and **Matthiesen v. Banc One Mortgage Corp.**, 173 F.3d 1242 [10th Cir. 1999], have held that "[I]t is our duty to give effect, if possible, to every clause and word of a statute.". It is "a **cardinal principle of statutory construction**" that "a statute ought, upon the whole, to be so construed that, if it can be prevented, **no clause, sentence, or word shall be superfluous, void, or insignificant**." Citing **Duncan v. Walker**, 533 U.S. 167 , 121 S.Ct. 2120, 2125, 150 L. Ed. 2d 251 [2001], **Montclair v. Ramsdell**, 107 U.S. 147, 152, 27 L. Ed. 431, 2 S. Ct. 391 [1883]. In **Andrews**, the court, addressing another provision in the FCRA, section 1681p, added: "'[W]ere we to adopt [Andrews'] construction of the statute,' the **express exception would be rendered "insignificant, if not wholly superfluous**." Duncan, 533 U.S. at , 121 S.Ct. at 2125. We are 'reluctant to treat statutory terms as surplusage in any setting,' 121 S. Ct., at 2125." **TRW Inc. v. Andrews**, 534 U.S. 19, 122 S.Ct. 441, 151 L.Ed.2d 339, 2001 U.S.Lexis 10306 [2001].

patchwork of gap filling the FCRA. That is precisely how industry sold 1681t to Congress in the 1996 Amendments and in the 2003 FACTA amendment. Again, the misinterpretation of section 1681t[b][1][F] adopted by the defense is contrary to the plain language of the section. The defendants assert that the minority line of cases, the fourth line favoring industry should be adopted. Pages 19-21, Movants' brief.

Receipt of the notice of a dispute is not the "line in the sand" that Congress laid in sections 1681h[e] and 1681t[b][1][F]. Industry should not be awarded for misleading Congress in its lobby efforts. Congress envisioned giving consumers greater rights to combat the growing problems with credit report errors, not to strip the consumers of their common law causes of actions and non-mini credit reporting act claims. Interpreting section 1681t[b][1][F] as taking away rights of the consumer is inconsistent where the statute does not say so. Judge Walter, of this Honorable Court, carefully considered the arguments in **Whitesides**, an identity theft victim case, and found, in both opinions, that Congress did not intend to take away consumer rights and further that section 1681h[e] applied only to limited types of communications under sections 1681g, 1681h and 1681m, which like in **Whitesides**, are not the complained of communications here.

### OTS Regulations Do Not Apply Here[19]

---

[19] Addressing defendants' arguments labeled "IV[A]" and "IV[B]", on pages 21-24, movants' brief.

Defendant, Capital One, FSB, argues that it is a federal savings bank and is not subject to state law claims. Page 21, Movants' brief. As noted by **Carbajal**, page 20 of plaintiff's original opposition brief filed January 29, 2004, Capital One, FSB, wears multiple hats and, while it might be a federal savings bank, it is a major issuer of credit cards and a buyer of delinquent credit accounts and junk debt, which constitutes debt collection. The fact that Capital One, FSB, voluntarily assumed multiple roles does not permit it to avoid state and federal laws governing areas not covered by the OTS regulations.

Plenary authority was provided OTS concerning the creation and operation of federal savings and loan associations. **Lopez v. World Savings and Loan Assn.**, 105 Cal.App.4th 729, 737-742, 130 Cal.Rptr.2d 42. OTS promulgated 12 C.F.R. 560.2 under its rulemaking authority per the Home Owner's Loan Act of 1933, 12 U.S.C. 1461, et. seq. Id.

In **Hussey-Head v. World Savings and Loan Assn.**, 111 Cal.App.4th 773, 4 Cal.Rptr.3d 171 [Cal. App. 2d Dist. 2003], the defendant raised the same argument as raised, in part, by defendants here, in essence that credit reportings by a federal savings bank were covered by section 560.2 and not excepted by section 560.110, thus state law claims were preempted. The court in **Hussey-Head** found that HOLA did not preempt enforcement of the California Consumer Credit Reporting Agencies Act. Plaintiff was entitled to proceed under state law claims for inaccurate credit

-13-

reportings made by defendant as well as other state law torts. The **Hussey-Head** court found that HOLA and the OTS regs dealt with "lending regulations" and not matters which only incidentally affect lending operations or which are otherwise inconsistent with the purposes of HOLA.

As noted in the **Bank of America v. City and County of San Francisco**, 309 F.3d 551, decision cited by defendants on page 23 of their brief, preemption can only occur where it is express, or where it is inferred due to complete occupation of the area of law by federal law, or where it is implied because the state law specifically conflicts with the federal law at issue. In **Bank of America**, plaintiff challenged a local privacy ordinance and the court found that, essentially, if the ordinance was not directly preempted then no preemption would be inferred or implied as HOLA does not come close to occupying the entire area of federal savings bank regulation.

The courts in **Hussey-Head**, supra at p.178, and **First Federal Savings & Loan Assn. v. De La Cuestra**, 458 U.S. 141, 160, 102 S.Ct. 3014, 73 L.Ed.2d 664, stated "Nothing in the language of [HOLA] remotely suggests Congress intended to permit [OTS] to displace local laws...not directly related to savings and loan practices." Defendant must also show that the HOLA statute targets savings and loans associations differently than other entities. In essence, some courts have gone further to require that it be some unique regulation, different in scope than generally applicable to non-

savings and loan associations, before preemption would apply.

The courts in **Hussey-Head**, supra at p.179, and **Fenning v. Glenfed, Inc.**, 40 Cal.App.4th 1285, 1299, 47 Cal.Rptr.2d 715 [1993], found that state law claims for fraud and deceptive business practices could not be preempted. In **Morse v. Mutual Federal Savings & Loan Assn. of Whittingham**, 536 F.Supp. 1271, 1280-1281 [U.S.D.C. Mass. 1982], the court found that unfair and deceptive trade practices claims, wrongful foreclosure and wrongful billing claims, and wrongful seizure/freezing account funds claims are not preempted. The court held that defendant has the burden of proving preemption and must show inconsistencies and conflict between state and federal laws. The court said that actions involving set-offs, debt collection and foreclosure are not preempted. The defendant could not show complete preemption or undue burden upon performance of the federal instrumentality's functions. Citing **Anderson Nat. Bank v. Luckett**, 321 U.S. 233, 248, 64 S.Ct. 599, 607, 88 L.Ed.2d 692 [1944].

In an older Fifth Circuit case of **Blair v. National Constr. Co., Inc.**, 611 F.2d 80 [5th Cir. 1980], the court found that Alabama's Consumer Fraud Act claims can be asserted against a federal savings bank despite HOLA and OTS regs. In **Tuxedo Beach Club Corp. v. City Federal Savings Bank**, 749 F.Supp. 635 [U.S.D.C. N.J. 1990], the court found that New Jersey's Consumer Fraud Act claims can be asserted against the RTC, in place of the federal

savings bank, in a suit alleging state law claims for breach of contract. The court in **Flanagan v. Germania, FA**, 872 F.2d 231, 234 [8th Cir. 1989], the court held that federal law did not preempt state law claims against an S&L. The court found the area was not complete occupied by federal law and no preemption could be implied or inferred.

Obviously, **Hussey-Head**, supra, is the most direct statement that credit reporting related claims are not preempted while other cases listed show that deceptive trade practices and fraud are not preempted either. Plaintiff's counsel can find no possible language in the OTS regs which would provide a good faith argument of preemption under the allegations made in this case. Only two cases have suggested that the OTS regs [section 560.2] might apply to "access and use" of credit reports. **U.S. Bank Nat. Assn. v. Clark**, 2004 WestLaw 635721 [Ill. App. 2004] ["...access to a credit report..."]; and **Fidelity National Info. Solutions, Inc. v. Sinclair**, 2004 WestLaw 764834 [U.S.D.C. E.D. Pa. 2004] ["...access to and use of a credit report..."].

## Conclusion

The defendants' motion should be denied in all respects.

Respectfully submitted:

**BODENHEIMER, JONES, SZWAK & WINCHELL, LLP**

By: _____
DAVID A. SZWAK, LBR#21157, TA
401 Market St., Ste. 240
American Tower
Shreveport, Louisiana 71101
[318] 424-1400
FAX    424-1476
**ATTORNEYS FOR PLAINTIFF, HORACE JOSEPH DEAVILLE, JR.**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by placing a copy of same in the United States Mail, properly addressed and first class postage pre-paid on this the _25_ day of ___MAY___, 2004.

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HORACE DEAVILLE, ON BEHALF OF
HIMSELF AND THE CLASS DESCRIBED
HEREIN

VERSUS                          CIVIL ACTION NO.   CV03-1429-S
                                JUDGE HICKS

CAPITAL ONE BANK, ET AL

## O R D E R

CONSIDERING THE FOREGOING MOTION, OPPOSITION AND SUBMISSIONS:

IT IS HEREBY ORDERED THAT defendants' motion to strike allegations or for summary judgment is hereby DENIED.

Shreveport, Louisiana, this the _____ day of _____, 2004.

_____
**J U D G E**

Docket Clerk's Copy                                          Action Due Date 06/07/04

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

HORACE DEAVILLE

VERSUS

CAPITAL ONE BANK ET AL

CIVIL ACTION NO. 5:03CV1429
JUDGE HICKS
MAG. JUDGE PAYNE

## NOTICE OF DEFICIENT DOCUMENT

**NOTICE TO FILER:**

The Response and Opposition to Motion to Strike Allegations From and To Dismiss First Amended and Supplemental Complaint or in the alternative, for Summary Judgment filed on 05/25/04 by Plaintiff was DEFICIENT for the following reason(s):

✓   No statement of material facts accompanied this opposition to motion for summary judgment. Please see LR56.2E&W for instructions regarding statements of material fact.

**Please return this notice and the corrected papers to the undersigned docket clerk at the address given below within 10 days from the date of this notice or the document may be stricken by the court.** Please note that all filing deadlines previously set remain in effect. Issuance of this deficiency does not amount to an extension of any deadline.

**Please return any submission to: Clerk, U. S. District Court, ATTN: (Deputy's name as signed below), 300 Fannin St., Ste. 1167, Shreveport, LA 71101**

Shreveport, Louisiana, May 26, 2004.

ROBERT H. SHEMWELL
CLERK OF COURT

By /S/ Sandra J. Dean
Deputy Clerk

COPY SENT
DATE:       May 26, 2004
BY:         sjd
TO:         SMH; Szwak; Feldman